IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | | |
|---|---|---|
| LOIS JEAN DUPEY, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Case No. 09-157-KI |
| | ) | |
| vs. | ) | OPINION AND ORDER |
| | ) | |
| U.S. GOVERNMENT/HEAD aka | ) | |
| POST MISTRESS GENERAL, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Lois Jean Dupey
P.O. Box 107
Cannon Beach, Oregon  97110

    Pro Se Plaintiff

Karin J. Immergut
United States Attorney
District of Oregon
Suzanne A. Bratis
Assistant United States Attorney
1000 SW Third Avenue, Suite 600
Portland, Oregon  97204-2902

    Attorneys for Defendant

Page 1 - OPINION AND ORDER

KING, Judge:

Before the court is defendant's Motion to Dismiss (#3).

## DISCUSSION

Defendant moves to dismiss pro se plaintiff Lois Jean DuPey's complaint on several grounds. I conclude that it fails to state a claim.

A motion to dismiss under Rule 12(b)(6) will be granted if plaintiff fails to allege the "grounds" of his "entitlement to relief." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007) (quotation omitted). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

DuPey filed her claim in the Small Claims Department of the Clatsop County Circuit Court. The body of the Claim, submitted on the court's form, states in its entirety:

> I, Plaintiff, claim that on or about April 15, 2008, the above-named defendant(s) owed me the sum of $ unspecified damages, and this sum is still owing for (reason) Identity Theft, fraud. *Despite repeated written requests; USG has refused to satisfy the complaint. I have incurred filing fees of $89.50 and service expense of $28.00.

Pro se complaints are held to a less strict standard than those drafted by a lawyer. Bonner v. Lewis, 857 F.2d 559, 563 (9th Cir. 1988). In civil rights cases involving a plaintiff appearing pro se, this court construes the pleadings liberally and affords the plaintiff the benefit of any doubt. Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623 (9th Cir. 1988). The court should allow a pro se plaintiff to amend the complaint unless it is absolutely clear that the deficiencies of the complaint cannot be cured by amendment. Weilburg v. Shapiro, 488 F.3d 1202, 1205 (9th Cir. 2007).

I am unable to discern the nature of the dispute from DuPey's Claim. Defendant has provided me with copies of correspondence between DuPey and the Cannon Beach Postmaster concerning a longstanding dispute on whether DuPey, who states in the correspondence that she is homeless, is entitled to a free post box or must instead use a General Delivery address. People who have a physical address within Cannon Beach receive free post boxes.

Whether DuPey is attempting to bring the free post box dispute or another dispute to court she must file an Amended Complaint giving more factual details about the problem and stating whether her claim is based on the United States Constitution or is a general tort claim. If it is a constitutional claim, DuPey should state the amendments on which she relies. If it is a tort claim, DuPey must first comply with the administrative remedy exhaustion requirements in the Federal Tort Claims Act, 28 U.S.C. § 2675(a).

## CONCLUSION

Defendant's Motion to Dismiss (#3) is granted. Plaintiff may file an Amended Complaint by June 5, 2009. If she fails to do so, I will dismiss this action without prejudice.

IT IS SO ORDERED.

Dated this ____6th____ day of May, 2009.

                                                                          ___/s/ Garr M. King_____
                                                                          Garr M. King
                                                                          United States District Judge